# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **EMILE DANIEL RICHARD** | **CIVIL ACTION NO. 6:14-cv-03501** |
|     **LA. DOC #598267** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **MORGAN** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28
U.S.C. § 2254 on December 22, 2014 by *pro se* petitioner Emile Daniel Richard.
This matter has been referred to the undersigned in accordance with the provisions
of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons,
it is recommended that this *habeas corpus* petition be **DENIED AND
DISMISSED WITH PREJUDICE**.

## STATEMENT OF THE CASE

Petitioner is an inmate in the custody of the Louisiana Department of
Corrections, incarcerated at the Allen Correctional Center, in Kinder, Louisiana.
Petitioner pled guilty to three counts of molestation of juveniles on April 23, 2012
for which he was sentenced to a total of twenty-five years imprisonment by the
Fifteenth Judicial District Court for Lafayette, Louisiana. In his petition for writ of

*habeas corpus,* Petitioner attacks his April 23, 2012 conviction.

Petitioner did not directly appeal his conviction or sentence. On May 9, 2010, Petitioner filed a *pro se* Application for Post-Conviction Relief in the state district court. In his Application, Petitioner asserted that: (1) his plea was involuntary, because he was not advised that he would be ineligible for good time, and (2) he received ineffective assistance of counsel essentially because counsel allegedly failed to investigate and prepare his case for trial.[1] On July 3, 2013, the state district court denied post-conviction relief. *R. 13-5.* On February 11, 2014, the Louisiana Third Circuit Court of Appeal denied writs finding no error in the lower court's denial of post-conviction relief. *State v. Richard*, KH 13-1135 (La. App. 3rd Cir. 2/11/2014). *R. 13-7*. On November 21, 2104, the Louisiana Supreme Court denied writs without comment.  *State of Louisiana ex rel. Richard v. State of Louisiana*, 2014-KH 0569 (La. 11/21/2014), – So.3d –, 2014 WL 6725549. *Id.*

Petitioner filed a Motion for Leave to file a Second Application for Post-Conviction Relief in the state district court on April 2, 2014. That Motion was denied on April 10, 2014. On April 20, 2014, Petitioner filed a Second Application

---

[1] Petitioner cited counsel's allege failure to arrange for him to attend the grand jury proceedings, file pre-trial motions, hire an investigator, subpoena medical records of the victims, obtain family and residence photographs, advise of hearings and trial dates, question the victims and other witnesses, review discovery, obtain a restraining order against Michelle O'Connor, and obtain information about a Pampers recall.

for Post-Conviction Relief in the state district court. Petitioner raised the following claims for relief: (1) the court filed to ensure that Petitioner's plea was free and voluntary; (2) the District Attorney used the possibility of additional charges as leverage to obtain Petitioner's plea; (3) the District Attorney provided erroneous information concerning Petitioner's exposure under the habitual offender statute; (4) Petitioner's conviction and sentence amounted to a violation of the prohibition against *ex post facto* laws; (5) Petitioner's conviction and sentence violated Petitioner's right to be free from double jeopardy; (6) the court was required to appoint two lawyers since Petitioner was initially charged with aggravated rape; (7) there was no physical evidence of sexual assault; and (8) unconstitutionality of the sex offender registrations statute. *R. 13-7*. On May 30, 2014, the state district court denied the Application as successive and as containing claims that were inexcusably omitted from Petitioner's first Application pursuant to La. C.Cr.P. article 930.4(D) and (E). *Id.* Petitioner's efforts to obtain reconsideration were unavailing. On November 10, 2014, Petitioner ultimately sought review in the Louisiana Third Circuit Court of Appeal. *Id., p. 59*. That writ was pending when the instant action was filed in this Court. By letter received March 25, 2015, Petitioner advised this Court that the Third Circuit denied his writ application as successive on March 18, 2015, *Id. at*

3

*P. 61*; Petitioner further advised that he would not seek further review in the Louisiana Supreme Court. *R. 7.*

Petitioner filed the federal *habeas corpus* petition at bar on December 18, 2014.  Petitioner raises the same claims for relief he raised in his first Post-Conviction Application, that his plea was involuntary, essentially because he was not advised that he would be ineligible for good time, and that he received ineffective assistance of counsel, essentially because counsel allegedly failed to investigate and prepare his case for trial.[2]

## *LAW AND ANALYSIS*

*Habeas Corpus Standard of Review*

This *habeas* petition was filed on December 22, 2014; therefore the standard of review is set forth in 28 U.S.C. § 2254(d), as amended in 1996 by the Antiterrorism and Effective Death Penalty Act (AEDPA).  *Knox v. Johnson,* 224 F.3d 470, 476 (5th Cir. 2000); *Orman v. Cain,* 228 F.3d 616, 619 (5th Cir. 2000).[3]

---

[2] *See* fn. 1, *supra*.

[3] Before enactment of AEDPA, "a federal court entertaining a state prisoner's application for *habeas* relief   . . .  exercise[d] its independent judgment when deciding both questions of constitutional law and mixed constitutional questions (i.e., application of constitutional law to fact).  In other words, a federal *habeas* court owed no deference to a state court's resolution of such questions of law or mixed questions." *Montoya ,* 226 F.3d at 403-04  *citing Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1516, 146 L.Ed.2d 389 (2000) and 28 U.S.C. S 2254(d) (West 1994).

AEDPA substantially restricts the scope of federal review of state criminal court proceedings in the interests of federalism, comity, and finality of judgments. *Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000) (citing *Teague v. Lane,* 489 U.S. 288, 306 (1989) and *Williams v. Taylor,* 529 U.S. 362 (2000)) (noting that AEDPA "placed a new restriction on the power of federal courts to grant writs of *habeas corpus* to state prisoners").

Title 28 U.S.C. § 2254(d) as amended, states as follows:

**(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

**(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

**(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the deferential scheme of § 2254(d), as amended, this Court must give deference to a state court decision for "any claim that was adjudicated on the merits in State court proceedings" unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A *habeas* petitioner has the burden under AEDPA to prove that he is entitled to relief. *Ormon*, 228 F.3d at 619 (citing *Engle v. Isaac*, 456 U.S. 107, 134-35 (1982)). Under § 2254(d), as amended, "[t]he federal courts no longer have a roving commission to discern and 'correct' error in state court proceedings, but must exercise a more limited review . . . ." *Grandison v. Corcoran*, 78 F.Supp.2d 499, 502 (D. Md. 2000). Federal courts may not grant the writ merely on a finding of error by a state court or on a finding of mere disagreement with the state court. *Montoya,* 226 F.3d at 404; *Orman,* 228 F.3d at 619.

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a  set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5ᵗʰ Cir. 2000); *Montoya,* 226 F.3d at 403-04. "The 'contrary to' requirement 'refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision.'" *Dowthitt,* 230 F.3d at 740.

6

Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Dowthitt,* 230 F.3d at 741.  The standard is one of objective reasonableness. *Montoya,* 226 F.3d at 404.  A federal *habeas* court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . [r]ather, that application must also be unreasonable." *Williams,* 120 S.Ct. at 1522.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  *Dowthitt,* 230 F.3d at 741.  Federal *habeas* courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence.  *Id.*  Thus, this Court must defer to the state court's decision unless it was based on an unreasonable determination of the facts in light of the record of the State court proceeding.  *Id.* (citing 28 U.S.C. § 2254(d)(2)); *Knox,* 224 F.3d at 476.

In sum, "[a] state court's determination that a claim lacks merit precludes federal *habeas* relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011). Thus, under § 2254(d), "[a]s a condition for obtaining *habeas corpus* from

a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102–103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

*1. Claim One - Guilty Plea*

The United States Supreme Court law governing the voluntariness of a guilty plea is *Brady v. United States*, 397 U.S. 742 (1970) and its progeny. The Supreme Court has held that "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.' " *United States v. Ruiz*, 536 U.S. 622, 629 (2002). A guilty plea is valid if it is entered voluntarily and intelligently considering the totality of the circumstances. *Brady*, 397 U.S. at 749; *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969). The central question is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

Although the Supreme Court has noted that the defendant's representations at the time of his guilty plea are not "invariably unsurmountable" when

8

challenging the voluntariness of his plea, nonetheless, the defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings," and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Since the state court's determination of competency is presumed correct, a federal habeas petitioner bears a heavy burden in contesting his competency during federal collateral review. *DeVille v. Whitley*, 21 F.3d 654, 656 (5th Cir.1994).

The record must reflect that a criminal defendant pleading guilty understands, and voluntarily waives, his rights against self-incrimination, to trial by jury, and to confront his accusers. *Boykin*, 395 U.S. at 243. If the record reflects that a guilty plea is knowing and voluntary, a prima facie showing has been made. *Mitchell v. Director*, 2015 WL 9898577, at *6 (E.D.Tex., November 6, 2015).

Petitioner contends his plea was involuntary because Petitioner was not advised that he would be ineligible for good time served.  In a § 2254 case, such as this, the failure to inform the defendant that he would be ineligible for parole and "good time" credits is a collateral consequence, and does not render the plea involuntary. *Johnson v. Dees*, 581 F.2d 1166, 1167 (5th Cir.1978) (failure to advise pleading defendant that he could be denied good time credits did not invalidate the plea, because it was a collateral consequence); *Corsetti v. McGrath*, 2004 WL

9

724951, at *7 (N.D.Cal.2004) ( "Sentence time credit issues are a collateral consequence of a conviction of which the court need not advise a defendant who pleads guilty.")..

The Fifth Circuit has repeatedly held that it is not necessary, in order for a defendant to have voluntarily and intelligently entered a guilty plea, to have been informed of the "collateral" consequences of his plea. *See, e.g. United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir.1990);  *Meaton v. United States*, 328 F.2d 379 (5th Cir. 1964);*Waddy v. Davis*, 445 F.2d 1, 3 (5th Cir. 1971); *Trujillo v. United States*, 377 F.2d 266 (5th Cir. 1967).

Rule 11 (c) requires only that the judge inform a defendant of "the mandatory minimum penalty ... and the maximum possible penalty provided by law"; the court need not explain "all the consequences that may flow from conviction or from the imposition of sentence." *United States v. Caston*, 615 F.2d 1111, 1114  (5th Cir. 1980). The Advisory Committee Notes to the 1974 amendment to the rule indicate clearly that a judge need not inform a defendant of parole eligibility or the effect of prior convictions. Nor is such an explanation required by constitutional law." *U.S. v. Garcia*, 636 F.2d 122, 123 (5th Cir.1981). Rule 11 requires only that a sentencing judge inform the defendant of the potential minimum and maximum sentences in the case at hand.

Here, the transcript of Petitioner's plea provides that he was informed of and understood that he was pleading to three counts of molestation of a juvenile—which the State amended from three counts of Aggravated Rape—and of the penalty range for the crimes to which he was admitting, *R. 13-4, p. 24*; he acknowledged that he read and understood the plea forms as well as the sex offender notification form; he signed and read the acknowledgment of requirement for supervised release form. *Id., pp. 25-26.*

When Petitioner questioned the court about the issue of "good time", the court further explained, "The department of corrections will calculate sentences, and it depends on a lot of factors. But, in your mind, it should be that you're got a 25-year sentence. Because that's what it amounts to. Now, how the DOC might choose to award good time at some point in time is not an issue that I can advise you on, nor can Mr. Register. So that's what you need to understand. Okay? Do you understand that?" Petitioner stated, "I understand. That's not what I was told, though.... I heard that it was going to be at 85 percent." The court then stated, "Okay. But – Because the award of good time is strictly with the Department of Corrections. And, in some instances, they do not award any good time at all. So you've got to count on a 25-year sentence. And whether they choose to award some good time at some point in time is nothing that we can guarantee at his point.

11

Do you understand that?" Petitioner nodded "yes." *R. 13.4, pp. 54-56.*

Both *Boykin* and F.R.Cr.P. Rule 11 contemplate an accurate statement of information to a defendant at the time of the rearraignment hearing. The plea testimony is clear that the trial judge explained that Petitioner should expect to serve 25 years. Furthermore, the jurisprudence is clear that a court need not inform a defendant of the indirect or collateral consequences of the entry of a guilty plea to a charge pending against him. *United States v. Russell*, 686 F.2d 35 (D.C.Cir.1982). He need only be informed of the direct and immediate consequences of his admission of guilt.

In light of the foregoing plea testimony and having complied with *Boykin* and Rule 11, the state district court necessarily complied with the Constitution. Petitioner's claim that his guilty plea was involuntary is without merit.

*2. Claim Two - Ineffective Assistance of Counsel*

Petitioner also contends that he received ineffective assistance of counsel because counsel allegedly failed to investigate and prepare his case for trial. In particular, Petitioner cites his counsel's alleged failure to arrange for him to attend the grand jury proceedings, file pre-trial motions, hire an investigator, subpoena medical records of the victims, obtain family and residence photographs, advise of hearings and trial dates, question the victims and other witnesses, review

12

discovery, obtain a restraining order against Michelle O'Connor, and obtain information about a Pampers recall.

*Strickland v. Washington*, 466 U.S. 668 (1984) supplies the standard for addressing a claim of ineffective assistance of counsel. *United States v. Smack*, 347 F.3d 533, 537 (3d Cir.2003) (citing *Strickland* at 687). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. This standard requires a familiar two-part inquiry. "First, the defendant must show that counsel's performance was deficient," that is, "that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687–88. The measure for counsel's performance under the first prong of *Strickland* is "whether counsel's assistance was reasonable considering all the circumstances" including "prevailing professional norms." *Id*. at 687–88. "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." *Id.* at 687.

To meet the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *U.S. v. Dowling*,

13

458 Fed.Appx. 396, 398, 2012 WL 117054, at *2 (5ᵗʰ Cir. 2012) (citing *Strickland*

at 694). The defendant must demonstrate that "there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Id*. at 694. "A decision regarding trial tactics cannot be the

basis for a claim of ineffective assistance of counsel unless counsel's tactics are

shown to be so ill chosen that it permeates the entire trial with obvious

unfairness." *Ramirez v. Stephens*, ___ Fed. Appx.___, 2016 WL 454322, at *8 (5ᵗʰ

Cir. 2016); *Medellin v. Dretke*, 371 F.3d 270, 277 (5ᵗʰ Cir. 2004).

In considering the allegations of ineffectiveness, defense attorneys are

entitled to a strong presumption that their conduct fell within the broad range of

reasonable professional assistance. *See United States v. Cronic*, 466 U.S. 648

(1984). A fair assessment of attorney performance requires that hindsight be

eliminated, and that the Court instead reconstruct the counsel's conduct under all

of the circumstances of the case. *Strickland*, 466 U.S. at 689.

The state district court addressed Petitioner's claims of ineffective

assistance of counsel in its July 3, 2013 Ruling On Petition For Conviction Relief

as to Petitioner's first Application for Post-Conviction Relief. The court stated:

> Petitioner makes multiple accusations regarding failure of his
> counsel to investigate his case and complains that his attorney did not
> arrange for him to testify before the Grand Jury. As to Petitioner's

claim regarding the Grand Jury, under Louisiana Code of Criminal Procedure Article 442,[4] Petitioner had no right to present any evidence to the grand jury. As to the allegations of failure to investigate, the record indicates that all discovery material was provided to Petitioner's counsel on January 4, 2011, over a year before the plea was entered. Much of what Petitioner says should have been done has no legal basis—i.e. seeking a restraining order against someone he claims was influencing the Assistant D.A,, obtaining mental health records for one of the victims to show hatred for Petitioner. Petitioner claims that all of the things his attorney should have done 'could have a positive effect on his plea deal.'

Petitioner was originally charged with two (2) counts of Aggravated Rape of a child under the age of 13, as well as 3 counts of molestation of a juvenile. He was facing a possible sentence of life without parole for each count of aggravated rape, as well as a possible sentence of 15 years on each count of molestation of a juvenile. In return for his plea to the three counts of molestation of a juvenile, the State agreed to a sentence of 25 years (10, 10 and 5, consecutive) and dismissed the two aggravated rape charges as well as a possession of marijuana charge and agreed not to accept additional charges against him for Child Pornography and agreed not to charge him as an habitual offender. Thus, the Petitioner avoided exposure to a greater sentence (up to 45 years) as well as exposure to two possible life sentences. Prior to accepting the plea, the Court questioned the Petitioner about his understanding of the plea agreement and his satisfaction with the representation by his attorney. He voiced none of the complaints he now makes.

*R. 13-5, pp. 32–34.*

---

[4] Louisiana Code of Criminal Procedure Article 442 provides in part:
A grand jury shall hear all evidence presented by the district attorney. It may hear evidence for the defendant, but is under no duty to do so.

LSA-C.Cr.P. Art. 442.

On February 11, 2014, the Louisiana Court of Appeal Third Circuit Denied

Petitioner's Writ, holding that "[t]he trial court did not err in its July 3, 2013

ruling, denying Relator's application for post-conviction relief." *R. 13-7, p. 2*. The

Louisiana Supreme Court denied writs on November 21, 2014. *Id. at p. 60*.

Thus, all of Petitioner's ineffective assistance of counsel claims were

rejected on the merits in his direct appeal. They are therefore subject to the highly

deferential standard of review set forth in the Antiterrorism and Effective Death

Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this

case only if the state court's rejection of Petitioner's claims involved "an

unreasonable application of ... clearly established Federal law ... as determined by

the Supreme Court of the United States" or "an unreasonable determination of the

facts" in light of the evidence presented to the state court. *Id*. A petitioner's

difficulty in establishing a claim of ineffective assistance of counsel is

compounded when the claim is viewed through the lens of § 2254(d). "When §

2254(d) applies, the question is not whether counsel's actions were reasonable.

The question is whether there is any reasonable argument that counsel satisfied

*Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Petitioner has not shown, as is required under AEDPA, that there is no

reasonable argument that his attorney rendered effective performance.

16

*V. Conclusion*

For the reasons set forth above;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)© and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of

17

appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.   **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §  2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 8th day of June, 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**